## NEW YORK COMMON PLEAS.

MOSES PARKER agt. FREDERICK LINK.

Under the 37th rule of this court, the moving party must, within ten days after settlement of the case, file with the clerk of the court a *copy of the case as settled, and the original papers* containing the case and amendments as they came from the judge or referee.

*New York Special Term, February*, 1864.

MOTION by defendant to set aside an order obtained by the plaintiff that the case made in this cause be deemed abandoned.

DALY, F. J.—Within the ten days required by the thirty-seventh rule, the attorney for the defendant filed with the clerk a correct copy of the case as settled by the referee, after which the plaintiff's attorney, upon an affidavit that the rule had not been complied with, obtained an order that the case be deemed abandoned.

The defendant now moves to set this order aside, and the plaintiff insists that the filing of a case, within the meaning of the rule, is filing the case and amendments as served with the alterations or corrections made by the referee, and not a copy of the case as settled.

As there appears to be some doubt as to what is the correct course under this rule, it may be as well to examine what course was pursued before the rule was adopted.

The practice of reviewing questions arising upon the evidence, upon a case made by the parties and settled by the judge, was first introduced by the 6th rule of the

supreme court of January, 1799. (*Coleman & Caines' Cases,* p. 11.)

Before the adoption of that rule, the English practice prevailed of hearing the motion upon the judge's report of the evidence, which, upon application, was furnished by him or by his clerk. (*Tidd's Practice,* 914, *ninth London edition; Wyche's Treatise on the Practice of the Supreme Court of New York in* 1794, *p.* 176.)

By the rule of 1799, the moving party was required, within a certain number of days, to make up and serve upon the opposite party a case, and the other party had a given number of days within which to serve amendments. If amendments were served, the moving party notified the other to appear before the judge who tried the cause, and who, by the rule, was required to settle the case as he should " deem to consist with the truth of the facts." The moving party then gave notice of argument, and when the motion was called on, copies of the case, as settled, were delivered by him to the opposite party and to the court.

An unfair advantage having been taken of the practice which made it obligatory only to serve the case as settled upon the bringing on of the argument, the court, in *Peck* agt. *Peck,* (14 *John. R.* 219,) held that a copy of the case as settled should be served upon the opposite party at or before the time of serving notice of argument, and the court afterwards provided by rule that in all enumerated motions the party whose duty it was to furnish the papers should serve with his notice of argument copies of all the papers upon which he intended to move ; and which provision still continues in force. (*Rule* 42.)

Under this practice it was in the power of the moving party to create delay, by keeping the case in his possession after it was settled, or, if disposed to act unfairly, to mislead the other party, as in *Peck* agt. *Peck, supra,* by assuring him that it was not yet settled.

The object of the 37th rule, therefore, was to compel

him to file it with the clerk in ten days after settlement, under the penalty of its being declared abandoned. The ten days, by the rule, are computed from the time of the settlement, which is, when the case is settled by the judge, in the presence of the parties, or when the case, with the allowed amendments, or the corrections made by the judge, and delivered by him to the moving party, or, as is the habit in this court, to the clerk of the court. The party making up the case is then entitled to the possession of it for at least ten days, that he may prepare the copy of it as settled, which, under the forty-second rule, he is required to serve upon the opposite party eight days before the time of noticing for argument; and before the ten days have expired, as I understand the rule, he is to file the original paper, that is the case and amendments as they came from the judge or referee with the corrections or allowances as made by him, with the clerk. The object of this provision is to enable the other party to know, in ten days after the case is settled, what amendments the judge or referee has allowed, or what corrections he made, that he may have the means of ascertaining whether the copy of the case which is served upon him for the argument, is a correct transcript of the case or not. It facilitates the object of the rule, to file, at the same time, a transcript or copy of the case as settled, and serve upon the opposite party a notice that the case has been filed. This enables him in ten days after the settlement, to compare the transcript or copy on file of the case, as settled, with the original papers, and this course has been pursued for many years by nearly all the practitioners in this court.

The defendant, therefore, was in error in supposing that a copy of the case as settled was all that he was required to file, and that he was entitled to keep the original papers in his own possession. But, as he acted in good faith, and in conformity with what was declared to be the practice in an elementary work (*Whittaker's Practice*, p. 734, 2d ed.),

he will be relieved without terms, on filing with the clerk the original papers, within five days from the entry of the order. An *ex parte* order may be entered vacating the order declaring the case to be abandoned.